SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEROME GRANT II,<br><br>          Plaintiff,<br><br>     v.<br><br>BAC HOME LOANS SERVICING, *et al*.,<br><br>          Defendants. | Civil Action No. 10-cv-01543 (RLW) |

**MEMORANDUM OPINION**[1]

*Pro se* Plaintiff Jerome Grant II ("Grant") has filed his "Amended Complaint for Damages for Fraudulent Foreclosure and Other Equitable Relief" against Defendants BAC Home Loans Servicing LP ("BAC"), Howard Bierman ("Bierman")[2], and Mark Johnson ("Johnson"). Plaintiff's claims are somewhat incomprehensible, but appear to arise from events surrounding the origination and eventual foreclosure of the mortgage secured by Plaintiff's home. Plaintiff's Amended Complaint alleges what appear to be three theories of liability. First, Plaintiff alleges that neither BAC nor Bierman were entitled to sell his property because they lacked standing to institute foreclosure proceedings. Second, Plaintiff claims that his obligation under the mortgage had been discharged due to the fraudulent conduct of the lender.[3] Third, Plaintiff alleges that, because Bierman lacked standing to foreclose on Plaintiff's property,

---

[1]   This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

[2]   BAC appointed Howard Bierman, Jacob Geesing, and Carrie Ward of Bierman, Geesing, & Ward, LLC ("BGW") to institute foreclosure proceedings. Plaintiff has not named BGW as a defendant in this case.

[3]   The lender, Florida Capital Bank, N.A., is not a party to this lawsuit. Plaintiff has named Mark Johnson, President and CEO of Florida Capital's mortgage division, as an individual defendant.

Bierman violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., when it instituted foreclosure proceedings.

Defendants have moved to dismiss the complaint under Rules 12(b)(2), 12(b)(6) and 12(c). For the reasons set forth below, Defendants' Motions to Dismiss (Docket Nos. 6, 10, & 23) are granted. Accordingly, Plaintiff's Amended Complaint is dismissed with prejudice.[4]

### A. Claims against Mark Johnson

Mark Johnson has moved to dismiss the Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over each defendant. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). To establish that personal jurisdiction exists, the plaintiff must allege specific facts that connect the defendant with the forum. Second Amendment Found. v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001). In determining whether a plaintiff has demonstrated that personal jurisdiction exists, the Court is not bound to treat all of the plaintiff's allegations as true, but instead "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." United States v. Philip Morris Inc., 116 F. Supp. 2d 116, 120 n. 4 (D.D.C. 2000).

This court may assert personal jurisdiction over a non-resident defendant only if the District of Columbia's long-arm statute authorizes it and to the extent permitted by due process. Plaintiff's opposition brief asserts that the Court has personal jurisdiction over Johnson under D.C Code § 13-423(a)(1) because, in his role as CEO of Florida Capital's Mortgage division,

---

[4] The Court acknowledges that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987).

Johnson transacts business in the District of Columbia.[5] Specifically, Plaintiff alleges that "Mark Johnson as CEO, by his agents, engaged in multiple transactions in the District of Columbia regarding the alleged loan." (Plt.'s Mot. to Strike at 4). However, Plaintiff has alleged no facts to establish that Johnson had personal contacts with the District of Columbia. Plaintiff attempts to create jurisdiction by attributing the actions of Florida Capital to Johnson. For example, Plaintiff asserts that "Florida Capital, under management, direction and supervision of its CEO, directly or by his agents, transacted business in the District of Columbia when *it paid property taxes* to the Office of Tax and Revenue for the District of Columbia." Id. (emphasis in original). Plaintiff goes on to assert that

> Mark Johnson's involvement in the generation of mortgage records, which involves mortgage loans for the Mortgage Division of Florida Capital, belies the claim for which he is not involved in Plaintiff's mortgage. Plaintiff's alleged mortgage has originated with Florida Capital under the CEO's authority[ ].

Id. at 5. Clearly, Plaintiff's allegations oregarding Johnsons' contacts with the District are related solely to Johnson's employment with Florida Capital.

In arguing that sufficient contacts do not exist for personal jurisdiction to attach in the District of Columbia, Johnson asserts that he works and resides in the state of Florida. (Johnson's Mot. Dismiss, Johnson Aff. ¶ 9). Johnson also states that he had "no personal contact, involvement, or communication with, in, or on any of the alleged facts an [sic] circumstances in [Plaintiff's] pleadings." Id. ¶ 7. Johnson further states:

> [n]one of my duties have pertained to anything having to do with the District of Columbia or the plaintiff, his residence, or his Loan. And had any of my duties pertained to the plaintiff, his residence,

---

[5] In response to BAC and Johnson's motions to dismiss, Plaintiff filed documents styled as motions to strike pursuant to Rule 12(f) (Docket Nos. 11 & 14). Because Rule 12(f) only applies to Rule 7 pleadings, the Court will construe both documents as Plaintiff's oppositions to the motions to dismiss.

> or his Loan, those duties would have seen me acting in my official employment capacity and not under any circumstances in my personal capacity.

Id. ¶ 16.

"Personal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their personal contacts with the forum and not their acts and contacts carried out solely in a corporate capacity." Wiggins v. Equifax, 853 F. Supp. 500, 503 (D.D.C. 1994); see Nat'l Cmty. Reinvestment Coal. v. NovaStar Financial, Inc., 631 F. Supp. 2d 1, 5 (D.D.C. 2009) ("An individual's role as a corporate officer, without more, is not a sufficient basis for exercising personal jurisdiction over the officer in his individual capacity.").

Plaintiff has alleged no facts to rebut Johnson's assertions that he has not transacted business in the District of Columbia. The fact that Johnson may have acted in a supervisory or managerial capacity with respect to Florida Capitol's contacts with the District—which has not been established here—also fails to create personal jurisdiction because these acts would have been carried out within the scope of Johnson's employment. Thus, Plaintiff has failed to meet its burden of establishing the Court's personal jurisdiction over Johnson. Accordingly, Plaintiff's claims against Johnson will be dismissed.

### B. Claims against BAC and Bierman

Defendants BAC and Bierman have moved to dismiss the Amended Complaint pursuant to Rules 12(b)(6) and 12(c) respectively.

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, acceptable as true, to state a claim to relief that is plausible on its face." Anderson v. Holder, 691 F. Supp. 2d 57, 61 (D.D.C. 2010) (brackets omitted) (quoting Ashcroft

v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)) (internal quotes omitted).

A court considering a Rule 12(b)(6) motion must construe the complaint in the light most favorable to plaintiffs and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F. Supp. 914, 915 (D.D.C. 1994). However, where the well-pleaded facts do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. Iqbal, 129 S. Ct. at 1950. In evaluating a Rule 12(b)(6) motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [a court] may take judicial notice." Trudeau v. FTC, 456 F.3d 178, 183 (D.C. Cir. 2006) (quoting EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

The standard of review on either a motion to dismiss under Rule 12(b) or for judgment on the pleadings under Rule 12(c) "is virtually identical." UPS v. Int'l Bhd. Of Teamsters, 859 F. Supp. 590, 592 & n. 1 (D.D.C. 1994) (citing Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C.Cir.1987); see generally, Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE: Civil 3d § 1368 (2008).

Plaintiff claims that the foreclosure sale on his property was improper because Bierman and BAC lacked "standing" to institute foreclosure proceedings. Plaintiff also claims that because Bierman lacked "standing" to foreclose on Plaintiff's property, Bierman's actions related to the foreclosure were fraudulent in violation of the Fair Debt Collections Practices Act.

### i.  BAC and Bierman's Authority to Foreclose

Plaintiff alleges that BAC and Bierman had no legal standing to foreclose on his property. Plaintiff has not challenged whether his mortgage was in default.[6] Instead, relying on a variety of theories, Plaintiff alleges BAC and Bierman are not entitled to foreclose because the transfer of the Note and Deed of Trust from Florida Capital to BAC was defective. Plaintiff further alleges that because the Note and Deed of Trust were not properly transferred to BAC, BAC's appointment of Bierman as substitute trustee was also improper.

At bottom, Plaintiff's argument is that the Deed of Trust was never transferred to BAC and remains with Florida Capital. To support his claim, Plaintiff asserts that there is no documentary evidence in the Land Records of the District of Columbia showing that the Deed of Trust had been transferred. Plaintiff's argument regarding recordation is of no moment, as D.C. law does not require that a transfer of a Deed of Trust be recorded in order to be effective. D.C. Code § 42-401 provides that:

> Any deed conveying real property in the District, or interest therein, or declaring or limiting any use or trust thereof, executed and acknowledged and certified as provided in §§ 42-101, 42-121 to 42-123, 42-306, and 42-602 and delivered to the person in whose favor the same is executed, shall be held to take effect from the date of the delivery thereof, except that as to creditors and subsequent bona fide purchasers and mortgagees without notice of said deed, and others interested in said property, it shall only take effect from the time of its delivery to the Recorder of Deeds for record.

Further, under District of Columbia law, the transfer of the Note carries with it the security for its payment. See Smith v. Wells Fargo Bank, 991 A.2d 20, 29-30 n. 19 (D.C. 2010) ("the transfer

---

[6] Indeed, Plaintiff's loan transaction record confirms that his last mortgage payment was received on February 16, 2010. (Amend. Compl., Ex. 5)

of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter."). Thus, the rights under the Deed of Trust follow the Note.

The Note clearly shows the chain of assignments from the original lender, Florida Capital, to BAC. The Note bears an indorsement from Florida Capital to Countrywide Bank, N.A. There is also an indorsement from Countrywide Bank, N.A. to Countrywide Home Loans, Inc. Finally, there is a blank indorsement by Countrywide Home Loans, Inc. When an instrument is indorsed in blank, "it becomes payable to bearer and may be negotiated by transfer of possession *alone* until specially indorsed." D.C. Code § 28:3-205 (emphasis added). Thus, as the Note is indorsed in blank, BAC's possession of the Note establishes its status as holder of the Note.

As holder of the Note, BAC could properly enforce its provisions. District of Columbia law permits foreclosure proceedings under a power of sale provision where the "holder of the note secured by such deed of trust" gives written notice of sale. D.C. Code § 42-815(b). Moreover, BAC is authorized under District of Columbia law to assign its right to enforce the power of sale to a substitute trustee. D.C. Code § 42-814(b). Therefore, as BAC possessed all the rights contained in the Deed of Trust, BAC's appointment of Bierman as substitute trustee was proper. Plaintiff has no factual basis to contend that BAC or Bierman lacked standing to foreclose on his property.

      **ii.**    **Bierman's Violations of the Fair Debt Collections Practices Act**

Plaintiff's claims that Bierman violated the FDCPA are premised on his allegation that Bierman was not a properly appointed substitute trustee and, therefore, had no authority to sell Plaintiff's property. Essentially, Plaintiff alleges that Bierman's actions in the foreclosure were fraudulent and deceptive because Bierman did not have a right to sell Plaintiff's property. As

discussed *supra*, Bierman was properly appointed by BAC and, as substitute trustee, Bierman had the power to initiate foreclosure proceedings and sell Plaintiff's property to enforce the Deed of Trust. Accordingly, Plaintiff's claims under the FDCPA shall be dismissed.

## CONCLUSION

For the forgoing reasons, Defendants' motions to dismiss Plaintiff's Amended Complaint are GRANTED. Plaintiff's Amended Complaint is hereby dismissed with prejudice.

SO ORDERED.[7]

Date: September 30, 2011

                                                                                          Robert L. Wilkins
                                                                                          United States District Judge

---

[7] An order will be issued contemporaneously with this memorandum opinion granting Defendants' motions to dismiss Plaintiff's Amended Complaint.