SUMMARY MEMORANDUM OPINION; NOT FOR PUBLICATION
IN THE OFFICIAL REPORTERS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEROME GRANT II**, <br><br> Plaintiff, <br><br> v. <br><br> **BAC HOME LOANS SERVICING**, **L.P.**, *et al.*, <br><br> Defendants. | Civil Action No. 10-cv-1543 (RLW) |

## MEMORANDUM OPINION[1]

*Pro se* Plaintiff Jerome Grant II ("Grant") brought this action against Defendants BAC Home Loans Servicing, LP ("BAC"), Howard Bierman ("Bierman"), and Mark Johnson ("Johnson") (collectively, "Defendants"), asserting claims that appeared to stem from Defendants' involvement with the foreclosure of a mortgage secured by Grant's home in Southeast, Washington, DC. The Court previously dismissed the entirety of Grant's claims in this matter, concluding: (1) that it lacked personal jurisdiction over Johnson, and (2) that Grant failed to state a claim against BAC and Bierman because Grant had "no factual basis to contend that BAC or Bierman lacked standing to foreclose on his property." *Grant II v. BAC Home*

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or, alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* FED. R. APP. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

SUMMARY MEMORANDUM OPINION; NOT FOR PUBLICATION
IN THE OFFICIAL REPORTERS

*Loans Servicing,* No. 10-cv-1543 (RLW), 2011 WL 4566135 (D.D.C. Sept. 30, 2011).[2]  Grant

subsequently appealed the dismissal of his claims, but the Court of Appeals dismissed this aspect

of his appeal as untimely.  *See* Order, USCA Case No. 11-7148 (filed Apr. 20, 2012).[3]

Thereafter, on the veritable eve of the one-year deadline to do so, Grant filed a Motion

for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and (b)(3),

which is presently pending before the Court.  (Dkt. No. 33).  Through this motion, Grant seeks

relief on the grounds that "newly discovered evidence has been found and misrepresentations

and misconduct by defendants and their counsel have prejudiced the Plaintiff."  (*Id.* at 1).

Specifically, Grant points to two pieces of "newly-discovered evidence" that he insists warrant

relief: (1) an interrogatory response served by the Federal National Mortgage Associate ("Fannie

Mae") on April 13, 2012, in a D.C. Superior Court action filed against Grant, wherein Grant

claims that Fannie Mae confirmed it "was the holder of the Note, as the owner of the loan before

and at the time of the foreclosure"; and (2) a Memorandum issued by the Department of Housing

and Urban Development's ("HUD") Office of Inspector General, outlining its investigation of

BAC's "questionable practices" in connection with foreclosure proceedings across the country.

Grant also contends that, because Fannie Mae is the apparent "owner" of the note, counsel for

BAC and for Bierman "made deliberate misrepresentations to the Court that BAC was the holder

of the note" and "suppress[ed] evidence of [Fannie Mae] as the real successor in interest."

---

[2]      As explained earlier, Grant's claims were far from a model of clarity but, at a minimum, it was clear that his claims against BAC and Bierman hinged on the assertion that they lacked standing to institute foreclosure proceedings against his property.  (*See* Dkt. No. 1, Compl. at ¶¶ 17-35).  Relatedly, Grant's claim against Bierman under the Fair Debt and Collections Practicing Act was also premised on the notion that Bierman did not have standing to proceed with foreclosure.  (*Id.* ¶¶ 45-51).

[3]      Grant also appealed this Court's Order of November 28, 2011, which denied as moot several post-dismissal motions on Grant's part.  The Circuit summarily affirmed those rulings through the same Order.

SUMMARY MEMORANDUM OPINION; NOT FOR PUBLICATION
IN THE OFFICIAL REPORTERS

Upon careful consideration of Grant's Motion, the opposition briefs filed by Defendants,[4] and the entire record in this case, the Court concludes that Grant's Motion for Relief from Final Judgment must be **DENIED** for the reasons set forth herein.

## ANALYSIS

### A.  Standard of Review

As relevant here, Federal Rule of Civil Procedure 60(b) permits a court to grant relief from a final judgment based on "newly discovery evidence" that the moving party could not have discovered through the exercise of "reasonable diligence," or due to "fraud . . . misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(2), (b)(3).  The D.C. Circuit has made clear that a district court "is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988).  In exercising this discretion, the Court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004); *see also* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2857, at 326 (3d ed. 2012) (noting that courts "have administered Rule 60(b) with a scrupulous regard for the aims of finality").  Of course, "the party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief." *Green v. AFL-CIO*, 811 F. Supp. 2d 250, 254 (D.D.C. 2011) (citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002)).  Finally, a motion seeking relief under Rule 60(b)(2) or (b)(3) must be filed "within a reasonable time" and, at the outside, not "more than a year after the entry of the judgment." FED. R. CIV. P. 60(c)(1); *Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011).

---

[4]    The Court notes that Grant never filed a reply brief in support of his Motion.

SUMMARY MEMORANDUM OPINION; NOT FOR PUBLICATION
IN THE OFFICIAL REPORTERS

**B. Grant Is Not Entitled To Relief Under Rule 60(b)**

At the outset, the Court reiterates that its prior dismissal of Grant's claims rested on two distinct grounds as between the different defendants.  The Court dismissed Grant's claims against Johnson for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(1), while Grant's claims against BAC and Bierman were dismissed for failure to state a claim.  *See Grant II*, 2011 WL 4566135.  Yet through his Rule 60(b) Motion, Grant fails to advance any argument surrounding the Court's prior ruling that it lacked personal jurisdiction over Johnson—indeed, as Johnson rightly asserts, Grant's Motion "is void of any reference whatsoever to Johnson's motion to dismiss for lack of personal jurisdiction or to the Court's dismissal of Johnson."  (Dkt. No. 34 at 2-3).  Consequently, to the extent that Grant's Motion seeks Rule 60(b) relief as to his claims against Johnson, it is denied.

Furthermore, Grant fares no better with respect to his arguments against BAC and Bierman.  Beginning with the "newly-discovery" interrogatory response from Fannie Mae, Grant asserts that Fannie Mae's response established that it "was the holder of the Note, as the owner of the loan before and at the time of the foreclosure."  (Dkt. No. 33 at 7).  In Grant's view, this evidence undermines the Court's prior ruling, which found that Plaintiff had no factual basis to contend that BAC—and, in turn, Bierman—lacked standing to institute foreclosure proceedings on Grant's property.  But in so arguing, Grant misstates the text of the discovery response served by Fannie Mae in the Superior Court action.  Nowhere did Fannie Mae assert that it was the "holder" of the loan, as Grant proffers; instead, it states only that it was the "owner of the subject loan."  (*See* Dkt. 33-1 at ECF p. 20).  From there, Grant's remaining contentions are based on what appear to be a misunderstanding of the statuses of "holder" and "owner," as both BAC and Bierman point out.  To be sure, the two terms are not synonymous.  Under D.C. Code § 28:3-

4

301, the definition of "'[p]erson entitled to enforce' an instrument" includes "the holder of the instrument" (among other definitions), and the statute goes on to make clear that "[a] person may be a person entitled to enforce the instrument *even though the person is not the owner of the instrument . . . .*" D.C. CODE § 28:3-301 (emphasis added); *see also Deutsche Bank Nat'l Trust Co. v. Brock*, --- A.3d ----, 2013 WL 1164508, at \*7 (Md. Mar. 22, 2013) (construing identically-worded Maryland statute and emphasizing "the distinction between a holder and an owner"). And "the holder of the note may differ from the owner of the note." *In re Simmerman*, 463 B.R. 47, 60 (Bankr. S.D. Ohio 2011) (examining Ohio statute adopting the UCC, upon which the District of Columbia statute is also based); *see also In re Walker*, 466 B.R. 271, 280 (Bankr. E.D. Pa. 2012) (explaining that, under the UCC, "the borrower's obligation is to pay the person entitled to enforce the note (who need not be the 'owner' of the note).").   Thus, the fact that Fannie Mae appears to have been the "owner" of Grant's note does nothing to undermine the Court's earlier conclusion that BAC and Bierman—as "holder" and "substitute trustee," respectively—properly acted to enforce the note's provisions *vis-à-vis* the foreclosure proceedings.[5]   Put another way, this "newly discovered evidence" does not provide any new factual basis to support Grant's contention that BAC and/or Bierman lacked standing to foreclose on his property.

Nor does Grant's reliance on the HUD Memorandum regarding BAC's apparent foreclosure practices provide any basis for relief under Rule 60(b)(2). *See Lans v. Gateway 2000 Inc.*, 110 F. Supp. 2d 1, 4 (D.D.C. 2001) (explaining that, to satisfy Rule 60(b)(2), "the evidence must be admissible and credible, and of such a material and controlling nature as will probably

---

[5]     Under District of Columbia law, BAC was authorized as a "holder" of the note "to assign its right to enforce the power of sale to a substitute trustee." *Grant II*, 2011 WL 4566135, at \*4 (citing D.C. CODE § 42-814(b)).

SUMMARY MEMORANDUM OPINION; NOT FOR PUBLICATION
IN THE OFFICIAL REPORTERS

change the outcome"). Although the HUD Memorandum concededly outlines a number of troublesome concerns with respect to BAC's foreclosure practices as a general matter, Grant simply fails to establish that any of these potential problems exist in this particular case. Instead, in an effort to attack the documentation in this case, Grant summarily complains that "the notary does not verify the identify [sic] of the affiant (Jennifer Neilson)," and also argues, in conclusory fashion, that Bierman's firm "used its employee Josh Tremble, to forge the signature of the party representing BAC" on the Deed of Appointment of Substitute Trustee. (Dkt. No. 33 at 9-10). But these unsubstantiated, conclusory arguments completely miss the mark. Simply put, Grant fails to come forward with any evidence—and the HUD Memorandum itself certainly does not address any facts specific to this case—that either Ms. Neilson or Mr. Trumble lacked the authority to execute the documents at issue, or that the notarization of those documents was otherwise improper in some manner. Thus, Grant fails to meet his burden in establishing a right to relief under Rule 60(b)(2).

Finally, Grant's reliance on Rule 60(b)(3) is equally without merit. "[T]o prevail under Rule 60(b)(3), the moving party must establish fraud or misconduct . . . by clear and convincing evidence." *Canales v. A.H.R.E., Inc.*, 254 F.R.D. 1, 12 (D.D.C. 2008) (quoting *Bennett v. United States*, 530 F. Supp. 2d 340, 341 (D.D.C. 2008)). Here, Grant's "fraud" and "misrepresentation" arguments stem directly from the same misperception discussed above—that Fannie Mae's apparent status as "owner" of the note somehow undermines or contradicts BAC's status as "holder." In turn, Grant argues that counsel for BAC and for Bierman "made deliberate misrepresentations" to the Court that BAC was the "holder" of the note, and that they "suppress[ed] evidence of [Fannie Mae] as the real successor in interest." The Court rejects this argument for the reasons stated. There is nothing inconsistent about BAC's status as the

"holder" of the note, while Fannie Mae remained the "owner," and Grant's arguments to the contrary do not establish fraud or misconduct on Defendants' part, much less by the clear and convincing evidence required.

Accordingly, Grant's request for relief under Rule 60(b) must be denied.[6]

## CONCLUSION

For the foregoing reasons, Grant's Motion for Relief from Final Judgment is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

Date: April 30, 2013

_____
ROBERT L. WILKINS
United States District Judge

---

[6] Inasmuch as Grant fails to establish any right to relief on the merits of his Rule 60(b) motion, the Court need not and does not reach Bierman's alternative argument that he failed to seek such relief "within a reasonable time" under Rule 60(c)(1).